[No. 28339-1-I. Division One. August 17, 1992.]

SEAN JOHNSON, *Appellant,* v. SAFEWAY STORES, INC., ET AL, *Respondents.*

*Robert W. Fetty,* for appellant.

*Jeffrey A. James* and *Bogle & Gates,* for respondents.

BAKER, J. — Sean Johnson alleges he suffered a back injury at work. He did not file a workers' compensation claim within the required time period, but later filed this suit against his former employer, Safeway Stores, Inc. (Safeway), and the manager of the store where he had been employed. He alleges that he was denied his opportunity to file a claim due to threats and coercion by his manager and seeks unspecified damages.

Johnson appeals from a summary judgment dismissing his complaint.[1] We affirm because Johnson failed to make a prima facie showing in support of his claim.

We first address the nature of Johnson's cause of action. His complaint does not characterize the claim as one based upon any recognized theory of recovery. It merely sets forth the chronology of alleged events, and then asks for judgment "in an amount to be proven at time of trial." As alleged in the complaint, the events may be summarized as follows: Johnson injured his back while working at Safeway. His injury was covered under the workers' compensation law of this state. Johnson immediately reported his injury to his manager. He attempted to submit his claim to the Department of Labor and Industries, but was prevented from doing so through threats, intimidation, and coercion by his manager.

---

[1]Johnson also alleged the tort of outrage. However, he conceded at oral argument that he had made an insufficient showing to prevent the summary judgment of dismissal on that claim.

■ We conclude that Johnson's complaint sufficiently states a cause of action for damages. While this appeal was pending, our State Supreme Court decided the case of *Wilmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn.2d 46, 821 P.2d 18 (1991). *Wilmot* held that a common law cause of action exists in this state for discharge of an employee in violation of public policy, in addition to that provided by RCW 51.48.025,[2] where an employee is discharged by reason of having filed, or having expressed an intent to file, a workers' compensation claim. In *Wilmot*, the court was specifically dealing with a case where the plaintiff had alleged wrongful discharge in retaliation for pursuing workers' compensation benefits. The court set forth the necessary elements of a prima facie case in that context, as follows:

> plaintiff must show (1) that he or she exercised the statutory right to pursue workers' benefits under RCW Title 51 or communicated to the employer an intent to do so or exercised any other right under RCW Title 51; (2) that he or she was discharged; and (3) that there is a causal connection between the exercise of the legal right and the discharge, *i.e.*, that the employer's motivation for the discharge was the employee's exercise of or intent to exercise the statutory rights.

*Wilmot*, 118 Wn.2d at 68.

---

[2]RCW 51.48.025 provides in relevant part:

"(1) No employer may discharge or in any manner discriminate against any employee because such employee has filed or communicated to the employer an intent to file a claim for compensation or exercises any rights provided under this title. However, nothing in this section prevents an employer from taking any action against a worker for other reasons including, but not limited to, the worker's failure to observe health or safety standards adopted by the employer, or the frequency or nature of the worker's job-related accidents.

"(2) Any employee who believes that he or she has been discharged or otherwise discriminated against by an employer in violation of this section may file a complaint with the director alleging discrimination within ninety days of the date of the alleged violation. Upon receipt of such complaint, the director shall cause an investigation to be made as the director deems appropriate. Within ninety days of the receipt of a complaint filed under this section, the director shall notify the complainant of his or her determination. If upon such investigation, it is determined that this section has been violated, the director shall bring an action in the superior court of the county in which the violation is alleged to have occurred."

Johnson's complaint does not allege retaliatory discharge. However, the *Wilmot* case, by analogy, does apply to Johnson's claim. If an employee has a cause of action in tort against an employer who wrongfully discharges the employee in retaliation for the employee's exercise of rights under the workers' compensation laws of this state, then surely an employee has a cause of action in tort if the employer successfully prevents the filing of a workers' compensation claim by threats and intimidation.

We next consider whether Johnson successfully established a prima facie case in support of his cause of action in the summary judgment proceeding below. Johnson's cause of action differs somewhat from the retaliatory discharge claim discussed in detail in *Wilmot*. Accordingly, the showing required to establish a prima facie case differs somewhat from that showing discussed in *Wilmot*. In order to support his claim, Johnson would be required to provide proof of the following elements: (1) *either* (a) proof of a policy or practice of the employer, known to the employee, by which the employer retaliates against employees who exercise their rights under the workers' compensation law; or (b) that the employee sustains an on-the-job injury, and is directly threatened with retaliation if the employee claims benefits under the workers' compensation law for the injury; (2) that the employee fails to file a claim for workers' benefits within the required time period after the injury; and (3) that there is a causal connection between the failure to file the claim and the existence of the policy or practice under (1)(a) or the threats and intimidation under (1)(b).

Johnson may not rely upon the allegations in his complaint in the face of a summary judgment motion. CR 56(e). The evidence which he adduced in response to the motion failed to establish a prima facie case either as to the existence of direct threats and intimidation or as to any causal relationship between such alleged threats and his failure to file a workers' compensation claim.

■ We review the evidence in the summary judgment context in a light most favorable to the nonmoving party. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 823 P.2d 499 (1992). Viewed in that light, the evidence establishes that Johnson told his assistant manager that he had injured his back, but did not specifically tell him that the injury was job related. Johnson had a history of chronic, recurrent back pain "almost as far back as I can remember". Although Johnson was seen by two different doctors in connection with his back injury, he did not tell either doctor that the injury was work related. Johnson was unaware of any incident involving threats or coercion by his manager to keep any employee from filing a workers' compensation accident report and claim. A few days after his injury, during a conversation with his manager, Johnson "was given the feeling that if I didn't claim it, it would be better for my long-term prospects". In that conversation, Johnson's manager did not appear to be angry, and did not inform Johnson that if he filed a workers' compensation claim he would be terminated or demoted, or disciplined in any manner. Johnson can recall none of the specific words used in that conversation. Johnson had back surgery approximately 4 months after the injury. Shortly thereafter, he had a conversation with his manager during which Johnson stated: "[I]f I had claimed [this injury] as work-related, I wouldn't be broke". The manager responded, "If you had claimed it was work-related, you wouldn't be here."

There is some danger that the cause of action which we recognize in this case may be asserted any time an employee misses the deadline for a filing of a workers' compensation claim under RCW Title 51. Therefore, when an employee claims that his or her failure to file the claim is a direct result of threats and intimidation by the employer, some specificity should be required. If the evidence set forth above, which amounts to nothing more than a general impression that his employer might be unhappy if a claim were filed, were deemed to be sufficient to establish a prima facie cause of action, then the cause of action might become

a vehicle for wholesale avoidance of the time limit for filing such claim. The conversation between Johnson and his manager which occurred a few days after the injury does not establish the necessary direct threat of retaliation, even if we view all reasonable inferences in favor of Johnson. Further, Johnson never directly stated that he failed to file a claim because of any threat or intimidation by his manager. The evidence thus also fails to establish a prima facie case as to the causal relation element.

Because Johnson failed to raise material issues of fact as to the elements of his cause of action discussed above, the trial court's summary judgment order was correct.

Affirmed.

WEBSTER, A.C.J., and SCHOLFIELD, J., concur.